GEORGE W. SMITH AND MORRIS V. RANDALL APPEL-
LANTS, *v.* WILBUR H. PROCTOR AND OTHERS, TRUSTEES OF
SCHOOL DISTRICT No. 2 OF THE TOWN OF NEWTOWN, IN QUEENS
COUNTY, STATE OF NEW YORK, AND JOHN LAKE, COLLECTOR
OF SAID SCHOOL DISTRICT, RESPONDENTS.

*School district meeting — vote by which the building of a new school-house may be
authorized.*

The question, at a meeting of the inhabitants of a school district, as to whether a
new school-house shall be built, may properly be determined by the vote of a
majority of those present at such meeting, even if such majority be less than
a majority of the whole number of the inhabitants of the district.

APPEAL by the plaintiffs from a judgment rendered upon a trial
at the Queens County Circuit, before the court without a jury, and
entered in the office of the clerk of the county of Queens on the
27th day of July, 1888, by which it was adjudged that an adjourned
district meeting, held in school district No. 2, in the town of New-
town, in Queens county, October 15, 1886, was duly convened and
legally held, and that a resolution adopted at said meeting, directing
the bonding of said district, having received the affirmative vote of
a majority of the electors of said district present and voting, was
duly and legally adopted, as required by the provisions of section 19
of title 7 of the consolidated school act of 1864, and authorized
a bonding of said district.

The action was brought by certain taxpayers of school district
No. 2 of the town of Newtown against the trustees and collector
of said district, to secure an injunction restraining them from issuing
bonds of the said district for $12,000, pursuant to an alleged resolu-
tion of a school district meeting authorizing the same, on the ground
that such alleged resolution had not been passed by a majority vote
of all the inhabitants of the district entitled to vote.

*Henry A. Monfort*, for the appellants.

*M. D. Gould*, for the respondents.

BARNARD, P. J. :

There is no question made as to the regularity of the meeting at
which the vote was taken. It was regularly called by instruction

of the annual meeting for the purpose of voting upon the advisability of building a new school-house. (Chapter 567, Laws of 1875, § 14.) At the meeting so called a new school-house was appraised, and at an adjourned meeting bonds were authorized to secure the money which was to be payable by equal installments. At each of these meetings there was not present a majority of all the inhabitants of the district. The question presented is whether there must be a majority vote of all the inhabitants or only a majority vote of those present at the meetings. The law required a notice of the meeting, with a notice of the business to be brought before the meeting, to be served on each inhabitant of the district. This was done. The section under which the vote was taken is as follows: "Whenever a majority of all the inhabitants of any school district entitled to vote, to be ascertained by taking and recording the ayes and noes of such inhabitants attending at any annual, special or adjourned school district meeting legally called or held, shall determine that the sum proposed and provided for in the next preceding section shall be raised by installments, it shall be the duty of the trustees of such district * * * to issue bonds or other evidences of indebtedness therefor." * * * (Chap. 555, Laws of 1864, title 7, art. 2, § 19, as amended by chap. 528, Laws of 1881.) "The majority of the votes of those present" is sufficient to charge the taxable property for the purchase of a school-house. (Chap. 555, Laws of 1864, art. 1, title 7, § 15, sub. 7.) To change a site "a majority of all the inhabitants of such district present and entitled to vote, to be ascertained by taking and recording the ayes and noes," is sufficient. (Sec. 20.) To sell the old site "a majority of the votes of those present" is only needed. To create a union free school "two-thirds vote of those present and entitled to vote" is called for. (Title 9, § 5.) "A majority of the voters" controls expenditure in union free school districts, including building new school-houses and including payments by installments, as in case of single districts.

The vote by majority of voters present is the general rule, and the wording of the section in question is addressed to that end. The majority of the inhabitants of the district is to be determined by ages and names of those attending. There is no other way of ascertaining the majority of the inhabitants provided for in the law, which would have been required by the legislature, if the real majority

of all the inhabitants was an important factor in the vote at the meeting. The vote by a majority of those present, even if the majority was less than the majority of the whole number of the inhabitants of the district — is sufficient.

The judgment should, therefore, be affirmed, with costs.

Pratt, J., concurred.

Judgment affirmed, with costs.